IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | ) ) ) | |
| | ) | 1:11-cv-601 |
| Plaintiff, | ) ) | Judge Castillo |
| v. | ) ) | |
| COLLECTO, INC., d/b/a EOS CCA, d/b/a CCA COLLECTION AGENCY, | ) ) ) ) | |
| Defendant. | ) | |

**A. Nature of the Case**

**- Bases for jurisdiction, nature of the claims and counterclaims.**

This case was brought pursuant to the federal Telephone Consumer Protection Act, 47 U.S.C. §227, against the defendant debt collection agency, for allegedly illegal calls to plaintiff and the class members' cell phones using autodialer and prerecorded message without their express prior consent.

Defendant denies that it violated the TCPA, and denies that a class should be certified.

Plaintiff contends that this Court has federal question jurisdiction. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

Defendant reserves it right to object to the propriety of jurisdiction.

**- Relief sought by plaintiff, including computation of claimed damages, if available.**

Plaintiff seeks statutory damages of $500 per call placed to Plaintiff and each class members, as well as an injunction against future violations, pursuant to the TCPA 47 U.S.C. §227(b)(3).

**- Names of any parties that have not been served.**

All parties have been served.

**- Major legal issues.**

**Defendant's Position**

1. Whether Plaintiff has standing to bring a TCPA claim; and
2. Whether a TCPA cell phone TCPA class should be certified.
3. Whether the TCPA violates due process and the First Amendment.
4. Whether federal court jurisdiction exists.

**Plaintiff's Position**

1. Plaintiff acknowledges that Defendant will be raising the defense that Plaintiff is not the "called party" under the TCPA. Plaintiff disagrees with Defendant's position.
2. Plaintiff acknowledges that Defendant will argue that a TCPA class should not be certified. Plaintiff disagrees with Defendant's position.

**- Major factual issues.**

**Plaintiff's Position:**

Plaintiff believes that the evidence will show that:

1. Defendant placed multiple autodialed phone calls with a prerecorded message to Plaintiff's cell phone to which Plaintiff regularly uses and receives and places phone calls from.
2. That defendant called Plaintiff without any "prior express consent" defense.
3. That defendant called the class members without any "prior express consent"
4. That defendant obtained phone numbers from a credit reporting agency and called them without regard to whether there was any prior express consent to call those numbers.
5. That defendant's telephone equipment and recorded messages are covered by the TCPA. 47 U.S.C. §227 et seq., plus FCC regulations and Final Orders including *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, GC Docket 02-278, available at 2008 WL 65485 (Jan. 4, 2008).

**Defendant's Position:**

1. Plaintiff does not have standing to assert these claims because he/she was not the called or intended party.
2. Plaintiff may not have standing to assert these claims because he/she is not the subscriber to the cell phone in question.
3. Whether plaintiff has any relationship with the called party.
4. That defendant called the purported class members with "prior express consent"
5. That defendant obtained phone numbers from creditors and called them with consent to call those numbers.
6. That defendant's telephone equipment and recorded messages are not covered by the TCPA.

**- Citations to key authorities which will assist the Court in understanding and ruling on the issues.**

47 U.S.C. §227(b)

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, GC Docket 02-278, available at 2008 WL 65485 (Jan. 4, 2008).

*Balbarin v. North Star Capital Acquisition*, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011) *motion for reconsideration denied* 2011 U.S. Dist. LEXIS 5763 (N.D. Ill. Jan. 21, 2011); Rule 23f Petition Denied (7th Cir. March 10, 2011).

*Stuart v. AR Resources, Inc.*, 10-3520, 2011 WL 904167 (E.D. Pa. March 16, 2011).

*Powell v. West Asset Management,* 10-cv-7853, Slip Op. (Darrah, J).

*Cellco Partnership v. Dealers Warranty, LLC*, 2010 WL 3946713, *9 (D. N.J. 2010)

*Leyse v. Bank of America, Nat. Ass'n*, 2010 WL 2382400, *5 (S.D. N.Y. 2010)

*Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048, *6 (N.D. Ala. 2010) *aff'd in relevant part*, 2011 WL 479997, *4 (11th Cir. 2011)

*Cubbage v. Talbots, Inc.*, 2010 WL 2710628, *3 (W.D. Wash. 2010)

**B. Preparation of Draft Scheduling Order**

Fed.R.Civ.P. 26(a)(1) Disclosures: April 8, 2011.

Amendments to Pleadings: August 31, 2011.

All Discovery Close: December 2, 2011.

**C. Trial Status**

Plaintiff has not requested a jury trial. Defendant has not responded to the proposed Amended Complaint.

Trial would likely last three days.

**D. Consent to Proceed Before a Magistrate Judge**

The parties have not unanimously consented to proceed before a Magistrate Judge.

**E. Settlement Status**

        Plaintiff has requested class information from defendant, which plaintiff needs in order to make a meaningful settlement demand. Defendant has requested an individual settlement.

                                Respectfully submitted,

| | |
|---|---|
| s/ Curtis C. Warner | s/ James C. Vlahakis |
| Curtis C. Warner | James C. Vlahakis |
| | |
| Curtis C. Warner      (6282197) | James C. Vlahakis |
| cwarner@warnerlawllc.com | jvlahakis@hinsawlaw.com |
| Warner Law Firm, LLC | HINSHAW & CULBERTSON, LLP |
| 155 N. Michigan Ave. Ste. 560 | 222 N. LaSalle St., Ste 300 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| (312) 238-9820 (TEL) | (312) 704-3715 (TEL) |