**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| D.G., by and through LOIDY TANG as Next Friend, individually and on behalf of a class, | )<br>)<br>) |
| Plaintiff, | ) Case No.: 11-C-0601 |
| v. | )<br>) Judge: Castillo |
| COLLECTO, INC., | )<br>) Magistrate: Gilbert |
| Defendant. | )<br>) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Collecto Inc., d/b/a EOS CCA, d/b/a CCA Collection Agency ("Defendant" or "Collecto"), by its undersigned attorneys, respectfully submits this Memorandum in Support of Motion to Dismiss (Motion).

## I. INTRODUCTION

Plaintiff is a minor. Defendant is a debt collector who was attempting to call Kimberly Nelson to collect a debt Ms. Nelson owed to a client of Defendant. Dkt. #20, Amended Complaint ("AC"), ¶¶1-2 (Exhibit A). The AC presents a single Count for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). In particular, Plaintiff alleges that Defendant violated the TCPA by calling her "using a predictive dialer accompanied . . . that left a prerecorded voice message on Plaintiff's cellular telephone without Plaintiff's prior express consent . . . ." AC ¶2. Plaintiff also claims that "approximately eleven 'robocalls' to plaintiff's cellular telephone were made after defendant was informed that it was calling the wrong number." AC ¶3. While Plaintiff claims that Defendant improperly called her cellular telephone, the AC quotes from a message allegedly left on Plaintiff's phone which states that Defendant was attempting to reach a "Chivette Nelson." AC ¶19. Significantly, the message quoted in paragraph 19 of the AC informed Plaintiff to "hang up or disconnect if you are not

Chivette Nelson." The message goes on to state "[b]y continuing to listen to this message you acknowledge you are Chivette Nelson . . . ." AC ¶19. Plaintiff ignored this wording and apparently played the entire message, kept the recording and filed the present lawsuit. It should be noted that Plaintiff has filed another TCPA claim against a debt collector for debt collection calls to her cell phone ending in 3757 that were intended for "Kimberly Nelson." *See* Exhibit B (*TANG v. WILLIAM W. SIEGEL & ASSOCIATES*, 11-cv-600, Amended Complaint, Dkt. #21, ¶¶ 9-10, 24).

As demonstrated below, this case should be dismissed because Plaintiff lacks standing to assert this claim for calls intended for Chivette Nelson.

## II. STANDARD OF REVIEW

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir.2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in plaintiff's favor). "A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).

A is court permitted to take judicial notice of matters of public record on a Rule 12(b)(6) motion to dismiss without converting it to one for summary judgment. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). For example, in *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996), the Seventh Circuit recognized that proceedings from other courts, "both within and outside the federal judicial system" may be judicially noticed especially where those proceedings "have a direct relation to matters at issue." Here, Defendant asks this Court to take judicial notice of another TCPA lawsuit brought by Plaintiff where she has sued a debt collector for

2

placing calls to her cell phone in attempts to collect debts owed by "Kimberly Nelson." Apparently, Plaintiff obtained a cell phone that was once owned by Ms. Nelson.

### III. ARGUMENT – PLAINTIFF LACKS STATUTORY STANDING

"Rather than dealing with the jurisdiction of the federal courts, statutory standing is simply a matter of statutory interpretation. In determining whether a plaintiff has statutory standing, a court considers whether Congress, via a statutory provision, 'has accorded this injured plaintiff the right to sue the defendant to redress his injury.'" *George v. Kraft Foods Global, Inc.*, 270 F.R.D. 355, 364 (N.D. Ill. 2010) (citations omitted) (emphasis in original). *See also Kohen v. Pacific Inv. Management Co.m LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (a party lacks "statutory standing" in situations where "although the plaintiff has been injured and would benefit from a favorable judgment and so has standing in the Article III sense, he is suing under statute that was not intended to give him a right to sue[.]").

Statutory standing also is a threshold issue that should be dismissed at the motion to dismiss stage. *See, e.g., Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008); *U.S. v. $38,000.00 Dollars in U.S. Currency*, 816 F.2d 1538, 1544 (11th Cir. 1987); *Young v. Lehigh Corp.*, 1989 WL 117960, *3 (N.D. Ill. 1989) ("Before considering the merits of a litigant's case, a federal court must first decide the threshold question whether that party has standing to bring the action.").[1]

---

[1] *See also ING Inv. Plan Services, LLC v. Barrington*, 2010 WL 3385531, *2 (N.D. Ill. 2010) ("The court shall first address the threshold issue of standing."); *Akel v. City of Chicago Mayor's License Com'n.*, 2004 WL 1630515, *2 (N.D. Ill. 2004) ("As standing is a threshold matter and as it is dispositive in this case, the court addresses that issue first."); *Feldman v. Motorola, Inc*., 1994 WL 722883, *2 (N.D. Ill. 1994) ("Because standing is a threshold inquiry separate and apart from the requirements of Rule 23, this report addresses it first.") (citation omitted); *King v. Bradley*, 829 F.Supp. 989, 992 (N.D. Ill. 1993) ("Here, the 12(b)(1) motion is brought on grounds of lack of standing, so it must first be decided whether plaintiffs have standing to bring this suit."); *Rahim v. Sheahan*, 2001 WL 1263493, *3 (N.D. Ill. 2001); *Schmidt v. Reich*, 835 F.Supp. 435, 438 (N.D. Ill. 2003).

130090234v1 0920664 00038

Determining standing at the onset in the context of a class action complaint is especially important. *See, e.g., Walters v. Edgar*, 163 F.3d 430, 432-33 (7th Cir. 1998); *Robinson v. City of Chicago*, 868 F.2d 959, 968 (7th Cir. 1989) ("a class does not become a separate entity until it is certified and, in turn, a class will not be certified unless the named plaintiff has standing at that time."); *see also, East Texas Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 404-05 (1977) (holding where "the named plaintiff is not a member of the class that he purports to represent, [and] he cannot be expected to fairly and adequately represent the interests of the class."). *Keele v. Wexler,* 149 F.3d 589, 592-93 (7th Cir. 1998). *See also, Hassine v. Jeffes*, 846 F.2d 169, 176 (3d Cir. 1988) ("review of standing is a threshold inquiry, and that the proper disposition of a case in which the putative class plaintiff lacks standing is to dismiss the complaint—not to deny class certification—and to avoid reaching a decision on the merits of the claims presented.").

As discussed below, a "called party" is the intended recipient of the telephone call. As Plaintiff readily admits, the called party or intended recipient was a debtor named Chivette Nelson. Since Plaintiff is not Chivette Nelson, she lacks standing to pursue a violation of the TCPA because she was not the "called party" under the express terms of the TCPA.

As noted above, it is axiomatic that "plaintiff must establish that the injury he complains of (*his* aggrievement, or the adverse effect *upon him)* falls within the 'zone of interests' sought to be protected by the statutory provision whose violation forms the legal basis of his complaint." *Air Courier Conf. of America v. Am. Postal Workers Union,* 498 U.S. 517, 523 (1991) (citations omitted); *Harzewski v. Giviant Corp.*, 489 F.3d 799, 803 (7th Cir. 2007). Further, the burden of proof on a Rule 12(b)(1) issue is *on the party asserting jurisdiction*. *United Phosphorus, LTD. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003). Here, Plaintiff has the burden of establishing that she meets the elements of standing. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 11 (2004) (citation omitted); *Disability Dist. Wisconsin v. Walworth Cnty. Bd. of*

*Supervisors*, 522 F.3d 796, 800 (7th Cir. 2008). In a case involving the TCPA, *Cellco Partnership v. Dealers Warranty* identified the issue of standing in simple terms: "[s]tatutory standing is simply statutory interpretation: the question it asks is whether Congress has accorded *this* injured plaintiff the right to sue the defendant to redress his injury." *Cellco Partnership v. Dealers Warranty, LLC,* 2010 WL 3946713, *7 (D.N.J. Oct. 5, 2010), quoting *Graden v. Conexant Sys. Inc.*, 496 F.3d 291, 295 (3d Cir. 2007)(emphasis in original).

In relevant part, the TCPA places limitations on telemarketing calls to *landlines* and *cell phones*. With respect to *landlines*, the TCPA utilizes the term "called party" :

> It shall be unlawful for any person within the United States . . . to initiate any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the *called party*, unless the call . . . is exempted by rule or order by the [Federal Communications Commission] under paragraph (2)(B) [wherein authority is granted to the Federal Communications Commission to create exemptions to this provision.]

47 U.S.C. § 227(b)(1)(B) (emphasis added).

As to *cell phones*, the TCPA similarly provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the *called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

The above italicized statutory language indicates only the "called party" has standing to assert a claim under the TCPA. Several courts have ruled the "called party" is the intended recipient of the call, or the person to whom the call was directed—in other words, the person the defendant was trying to reach.

5

In this case, Plaintiff admits that the called party was Chivette Nelson. Accordingly, as a matter of law, Plaintiff was an *unintended* recipient of the call. As such, she clearly is not within the zone of interests that the TCPA seeks to protect – called parties. To suggest otherwise would mean that *anyone* who receives a call *intended* for Chivette Nelson has a cause of action under the TCPA. There are several cases involving the TCPA which have held that unintended recipients of cell phone calls lack standing to sue under the TCPA.

For example, in *Cellco,* 2010 WL 3946713, the court also held that the unintended recipient of a call to a *cell phone* did not have statutory standing to assert a TCPA claim. The plaintiffs' allegations stemmed from the purported placement of unsolicited telemarketing calls offering to sell extended auto warranties to subscribers of Cellco Partnership d/b/a/Verizon Wireless and OnStar, LLC. *Id.* at *1. The court o analyzed who has statutory standing to assert a TCPA *cell phone claim*. *Id*. at *9. The court applied the same logic and analysis used in *Leyse* and ruled:

> [E]xamination of the statutory scheme reveals that the TCPA cannot be construed as broadly as Plaintiffs suggest. By its terms, § 227(b)(1)(A)(iii) provides an exception for calls made for emergency purposes or made with the prior express consent of the called party.

*Id.* at *10. The court rejected the plaintiff's claim that any person who was the receipt of a call could assert a TCPA claim:

> The statutory scheme simply cannot support an interpretation that would permit any "person or entity" to bring the claim for a violation, regardless of whether that person or entity was the called party (*i.e.*, the intended recipient of the call). Under such an interpretation, the exception contemplated by Congress in § 227(b)(1)(A) for calls made with "the prior express consent of the called party" would be rendered meaningless. Accordingly, this Court finds that under the statute's plain meaning, it is the intended recipient of the call that has standing to bring an action for a violation of § 227(b)(1)(A)(iii).

*Id.* at *10.

*Leyse v. Bank of America,* 2010 WL 2382400, *4 (S.D.N.Y. June 14, 2010), the court held that an unintended recipient of a call was not a TCPA "called party" and had no standing to bring a TCPA claim. The plaintiff brought an alleged class action claim for a violation of the TCPA based upon the TCPA provision governing calls to land line telephones. The plaintiff alleged that defendant violated the TCPA because the plaintiff answered the call at issue and listened to a prerecorded message. *Id.* at *2. The prerecorded message was directed to *the plaintiff's roommate*. *Id.* The court observed that the plaintiff was not a "called party" within the meaning of §227(b)(1)(B).

> [I]n this case [plaintiff] is not a "called party" within the meaning of § 227(b)(1)(B). The uncontroverted evidence shows that DialAmerica, the entity that placed the call on behalf of Bank of America, placed the call to [Ms.] Dutriaux, [plaintiff's] roommate and the telephone subscriber. DialAmerica's records demonstrate that it associated the phone number with [Ms.] Dutriaux, not with [plaintiff]. To the extent that [plaintiff] picked up the phone, *he was an unintended and incidental recipient of the call*.

*Id.* at *4 (emphasis added). The court explained why its refusal to afford the roommate standing was sound:

> If any person who receives the fax or answers the telephone call has standing to sue, then businesses will never be certain when sending a fax or placing a call with a prerecorded message would be violation of the TCPA.

*Id.*

Significantly, the court held that the defendant was not required to seek the plaintiff's permission to place the call, holding that the TCPA permits prerecorded calls when a business has the express consent of the "called party." *Id.* at *5. Since the defendant did not intend to call the plaintiff, the court held that it was *not required to seek the plaintiff's permission to place the call*:

> It is apparent that in this case [plaintiff] was not the called party, although [plaintiff] answered the telephone. Bank of America called [plaintiff's roommate], and it is [plaintiff's roommate] who could grant permission for Bank of America to place that call to her, or pursue her statutory damages. Bank of America did not

7

>call [plaintiff]; therefore, Bank of America was not required to seek [plaintiff's] permission to place the call.
>
>[Plaintiff] was not the called party and lacks standing to seek statutory damages from Bank of America under the TCPA. Therefore, the Amended Complaint must be dismissed . . . .

*Id.* \*5-\*6. Although *Leyse* addressed the provision of the TCPA which precludes certain calls to residential lines, the logic still applies. *See also*, *Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048, \*6 (N.D. Ala. 2010) ("[I]t is clear that [defendant], in calling [plaintiff's] number, was attempting to contact a debtor using the number provided by that debtor. While [plaintiff] may have answered the phone, she was not the intended recipient of the call. [Defendant's] actions violated neither the spirit nor the letter of the TCPA."), *aff'd in relevant part*, 2011 WL 479997, \*4 (11th Cir. 2011) (observing if the court accepted plaintiff's argument "a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered.").

Finally, Judge Bucklo's recent decision in *Balbarin v. North Star Capital Acquisition, LLC*, 2011 WL 2111013 (N.D. Ill. 2011) supports the above "called party" standing defense. In *Balbarin*, the court analyzed *Leyse* and *Cellco* and held that the *debtor in question* was the intended recipient of the call, and thus a "called party." In so holding, Judge Bucklo first noted that "*Leyse* held that an 'unintended and incidental recipient of the call' lacked standing under the TCPA." *Id.* Applying *Leyse*, Judge Bucklo found "plaintiff claims to have received a call *intended for her*, so the *Leyse* scenario does not obtain here." *Id.* \*1 (emphasis added). Judge Bucklo then noted that *Cellco* "reasoned that the relevant language of the TCPA 'would require the party asserting the claim to be the party to whom the call is directed.'" *Id.* Applying *Cellco*, Judge Bucklo ruled "Defendant does not dispute that the call plaintiff claims to have received was directed to her . . . *Cellco* supports, rather than undermines, my decision." *Id.*

8

## IV. CONCLUSION

In this case the Complaint does not plead any facts plausibly suggesting that plaintiff was within the zone of interests of the TCPA. Plaintiff's allegations establish that she was not the "called party" as this phrase is used in the TCPA. Rather, Chivette Nelson was the "called party" pursuant to the alleged quoted message directed to her – and not Plaintiff. AC ¶19. According, Plaintiff, the unintended recipient of the call, lacks standing to seek statutory damages under the TCPA. *See Leyse,* 2010 WL 2832400, at *5 ("To find otherwise would mean that when a business calls a person with a prerecorded message, that business could be liable to any individual who answers the phone despite the fact that the business only intended to call one person.").

WHEREFORE, for the forgoing reasons, Defendant Collecto Inc., d/b/a EOS CCA, d/b/a CCA Collection Agency respectfully requests that this Court grant its Motion to Dismiss.

Dated April 22, 2011

Respectfully submitted,

By: /s/*James C. Vlahakis*
One of the Attorneys for Defendant **Collecto Inc., d/b/a EOS CCA, d/b/a CCA Collection Agency**

David M. Schultz
James C. Vlahakis
Clifford E. Yuknis
John P. Ryan
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
312-704-3000
dschultz@hinshawlaw.com
cyuknis@hinshawlaw.com
jvlahakis@hinshawlaw.com
jryan@hinshawlaw.com

9

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 22, 2011 I electronically filed **Defendant's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

By: s/ James C. Vlahakis
One of the Attorneys for Defendant

130090234v1 0920664 00038